IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANN LIBRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3167 |
| | ) | |
| ROD BLAGOJEVICH, JACOB | ) | |
| MILLER, TIMOTHY MARTIN, | ) | |
| MICHAEL R. STOUT, and | ) | |
| SCOTT DOUBET, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's motion to remand and objections to removal.

On June 30, 2006, Plaintiff Ann Libri commenced this action by filing a complaint in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. The Defendants were each served with a summons and a copy of the complaint on or after July 6, 2006. In support of her motion, the Plaintiff first argues that the Defendants' removal pleadings were due on

1

August 7, 2006, and were not timely filed.  The docket report shows that the notice of removal was filed on August 7, 2006 and entered the following day.  Pursuant to 28 U.S.C. § 1446(b), the notice of removal was filed by the Defendants within thirty days of the date of service.  Accordingly, the Plaintiff is not entitled to remand on that basis.

Next, the Plaintiff alleges that if the Court declines to remand the entire case, then it should exercise its discretion and refuse to exercise supplemental jurisdiction over Counts I through VI[1] of the complaint, each of which addresses only state law issues.  The Plaintiff asserts those counts raise issues under IDOT personnel policies, state privacy claims and other state law claims.

The Plaintiff's motion does not address Count VIII of her complaint.  The Defendants contend, therefore, that she has acknowledged the federal basis of Count VIII.  A review of Count VIII shows that the Plaintiff has asserted claims under the First and Fourteenth Amendments of the United

---

[1]The Defendants note that the Plaintiff's motion to remand does not address Count VII.  Because Count VII, which purports to be a mandamus action under the Illinois Finance Act, is clearly a state law claim, this is likely an inadvertent omission.

2

States Constitution. The Plaintiff has alleged these claims arose from the termination of her employment with the Illinois Department of Transportation ("IDOT").

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, federal question jurisdiction is appropriate as to Count VIII. Because this Court would have had original jurisdiction of Count VIII, it was properly removed under 28 U.S.C. § 1441(a).

Having concluded that at least part of the case was properly removed, the Court must now determine whether it should retain jurisdiction of the Plaintiff's other claims. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). The Defendants contend that this Court should retain supplemental jurisdiction of the Plaintiff's state law claims in the interest of judicial efficiency. They claim that all eight counts of the Plaintiff's

complaint arose from the termination of her employment with IDOT in connection with a departmental organization. The Defendants note, moreover, that each count includes by incorporation the same general allegations of fact.

After carefully reviewing the Plaintiff's complaint, the Court concludes that most of her claims (especially Counts I through V) are closely related to Count VIII. In her motion to remand, the Plaintiff says little more than Counts I through VI address only state law issues under IDOT personnel policies, state privacy claims and other state law claims. The Plaintiff also refers the Court to the plaintiffs' arguments in the motion to remand filed in <u>Carmitchel, et al. v. Blagojevich, et al.</u>, Case No. 06-3168. Because the complaint in <u>Carmitchel</u> does not include any claims which are comparable to Count VIII asserted by the Plaintiff in the case <u>sub judice</u>, the Plaintiff's reliance on <u>Carmitchel</u> is misplaced.[2]

---

[2]Interestingly, the Defendants' response to the Plaintiff's motion to remand barely mentions the most obvious basis for federal jurisdiction–her claims under the First and Fourteenth Amendments to the United States Constitution. This may be because the Defendants believe the Plaintiff has conceded that this Court has jurisdiction over Count VIII. Alternatively, the Defendants may be trying to emphasize the similarities between the claims in this case and those in <u>Carmitchel</u>.

The Court has federal question jurisdiction over Count VIII of the Plaintiff's complaint. Given that all of the claims in this case arise from the same general factual background, the Court concludes that the interest of judicial economy favors it exercising supplemental jurisdiction over the Plaintiff's state law claims.

<u>Ergo</u>, the Plaintiff's motion to remand and objections to removal [d/e 7] are DENIED. The Defendants are directed to file an answer or otherwise plead to the complaint.

IT IS SO ORDERED.

ENTER: September 5, 2006

                    FOR THE COURT:

                                    s/Richard Mills
                                    United States District Judge