IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANN LIBRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3167 |
| | ) |
| ROD BLAGOJEVICH, JACOB | ) |
| MILLER, TIMOTHY MARTIN, | ) |
| MICHAEL R. STOUT, and | ) |
| SCOTT DOUBET, | ) |
| | ) |
| Defendants. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Defendant Governor Rod Blagojevich's motion to dismiss Counts VI and VII of the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Pending also is a motion to dismiss Counts I-V and Count VIII filed by Defendants Jacob Miller, Timothy Martin, Michael R. Stout, Scott Doubet.

1

I. MOTION TO DISMISS COUNTS VI AND VII

A. Introduction

Governor Rod Blagojevich, a Defendant in this case, notes first that Counts I through V of Plaintiff Ann Libri's complaint essentially cut and paste the allegations and claims from a federal complaint filed by other individuals two years ago in Whitlow v. Martin, (C.D. Ill. No. 04-3211). In this case, the Plaintiff has added two new counts naming the Governor: Count VI, a putative class action for invasion of privacy; and Count VII seeking mandamus.

The Governor claims that Count VII should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Plaintiff lacks standing and, therefore, the Court lacks subject matter jurisdiction.  Count VI should be dismissed pursuant to Rule 12(b)(1) because the Defendants enjoy sovereign immunity from the tort claim.  The Governor alleges that Counts VI and VII should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for the additional reason that they fail to state claims for which relief can be granted.

B. Count VII (Mandamus)

(1)

The Governor asserts that Count VII should be dismissed pursuant to Rule 12(b)(6) because the Plaintiff has failed to state a claim for which relief can be granted, and pursuant to Rule 12(b)(1) because Plaintiff lacks standing to pursue her claim. The Governor claims that Count VII alleges that he arranged for attorney Mary Lee Leahy to enter into a contract with eighteen Departments of the State of Illinois that required each agency to contribute between $1,200 and $2,400 to pay for Ms. Leahy's services. The Plaintiff further alleges that in securing the funds to pay Ms. Leahy, the Directors in charge of the Departments certified that her services "were for the use of" their respective Departments and complied with the contract. However, Ms. Leahy allegedly only provided services for the Illinois Department of Transportation ("IDOT").

Section 9.06 of the Illinois Finance Act states, "To execute knowingly and intentionally a false certification under Section 9.03 or 9.04 of this Act shall result in removal from office if done by an officer or discharge if done

by an employee." 39 ILCS 105/9-06. The Governor notes that Count VII seeks "Declaratory Judgment and Mandamus," wherein the Plaintiff asks the Court to declare that the Directors' certifications were knowingly and intentionally false and to compel the Governor to remove the Directors responsible for the certifications. The Governor contends that the Plaintiff has alleged nothing against him which could permit an award of relief.

The Governor acknowledges that Illinois courts have previously granted mandamus against the chief executive. See Rock v. Thompson, 85 Ill.2d 410, 411, 426 N.E.2d 891 (1981) (upholding authority to hear mandamus action seeking to enforce constitutional ministerial directive "to convene the Illinois Senate to elect from its membership a President of the Senate as presiding officer"); see also Jorgenson v. Blagojevich, 211 Ill.2d 286, 311, 811 N.E.2d 652 (2004) (entering mandamus to prevent unconstitutional freeze of judicial salaries). The Governor asserts this case does not raise the same separation of powers concerns. Because terminating department heads cannot be characterized as a mere ministerial function or as a matter impinging on the powers of other branches of government,

mandamus is not an available remedy and Count VII must be dismissed.

The Plaintiff notes the complaint alleges that the execution of the certifications was done with knowledge that no work had been performed by Ms. Leahy for each of the Departments, and alleges that each of the warrants was knowingly and intentionally false. The Plaintiff asserts that when these allegations are taken as true, they set forth a cause of action for both declaratory relief and mandamus.

The Plaintiff claims that the language of the Finance Act is mandatory; certification in violation of the Act "shall result in removal from office." There is no discretion. The Plaintiff contends, therefore, that either the directors are removed from office by operation of law, and by declaration of this court, or the Governor must remove them from office. The Plaintiff asserts that mandamus, while an extreme remedy, is appropriate when there is an intentional violation of the Finance Act.

The Governor notes that no Director has admitted to violating the Finance Act. These are merely allegations with respect to the Director's intent and state of mind. The Governor claims that Count VII is not

appropriate for mandamus. The removal of state officers serving at the pleasure of the Governor is a matter entirely within his discretion.

The Court recognizes that there are separation of powers concerns, among other reasons, which may prevent the Plaintiff from obtaining the requested relief. However, based on the liberal notice pleading standard of the Federal Rules of Civil Procedure, the Court is reluctant at this stage of the litigation to conclude that the Plaintiff has failed to state a claim upon which relief can be granted. See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) ("Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?"). "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006).[1]

(2)

---

[1] Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The Governor next alleges that the complaint must be dismissed for the additional reason that the Plaintiff has not alleged standing to seek mandamus. To establish the "irreducible constitutional minimum of standing," a plaintiff must establish (1) an "injury in fact" which is "concrete and particularized" and "actual and imminent;" (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely possible, that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992).

The Plaintiff primarily argues that she has standing as a taxpayer. She does not really address the Governor's argument about whether the Plaintiff has Article III standing.[2] It appears that it is highly questionable as to whether she can meet the three requirements noted above. However, the Court once again emphasizes that the Plaintiff need not make detailed factual allegations. See Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). "A complaint need only state the nature of the claim; details

---

[2] It is worth noting that the case was removed by the Defendants to federal court.

can wait for later stages, such as an evidentiary hearing under Fed. R. Civ. P. 12(b)(1) or summary judgment under Rule 56." Id. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Id. (internal quotations omitted).

The Court declines at this stage of the litigation to dismiss this claim for lack of standing. However, there is nothing which would prevent the parties from revisiting this issue at a later point in the litigation.

C. Count VI

The Governor states that Count VI is styled as a "class action" and seeks (1) a declaration that the release of IDOT personnel files was a violation of IDOT policy; and (2) "appropriate compensation for the outrageous invasion of privacy." The Governor alleges that Count VI fails to state claims for either declaratory relief or damages. The Plaintiff asserts that although Ms. Leahy's service has concluded, Plaintiff is seeking a monetary judgment in addition to the declaration that her privacy was

violated.

The Court has already reviewed the legal standards for motions to dismiss. It does not appear that the Plaintiff has done anything to plead herself out of court.

The Governor asserts that Count VI is barred by the doctrine of sovereign immunity. Illinois courts have held that a suit against individuals, even if it is asserted against them in their individual capacities, is one against the State and is therefore barred when there are:

> (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.

Jinkins v. Lee, 209 Ill.2d 320, 807 N.E.2d 411, 418 (2004) (citations omitted). "Regarding the relief sought, a court must also consider whether the relief sought is such that a judgment for the plaintiff could operate to control the actions of the State or subject it to liability." Id. (internal quotations omitted).

The Governor notes that the Plaintiff's complaint alleges that the Governor ordered Defendants Martin and Miller to release personnel records to Defendant Stout and Ms. Leahy. The Governor contends the Plaintiff is unable to claim that the individual defendants acted beyond the scope of their authority; the complained-of actions involved matters outside of the individual defendants' normal and official functions; or the duty alleged to have been breached was owed to the public generally, independent of the fact of State employment.

In her response, the Plaintiff alleges that the Defendants acted beyond the scope of their authority; they breached a duty owed to the public and their complained-of actions do not involve matters ordinarily within normal and official functions of the State; and judgment in the Plaintiff's favor would not operate to control the actions of the State or subject it to liability.

The Plaintiff need not meet any heightened pleading standard in asserting a claim for invasion of privacy. Accordingly, the Court will DENY the Governor's motion to dismiss.

## II. MOTION TO DISMISS COUNTS I-V and VIII

### A. Statute of Limitations

Defendants Miller, Martin, Stout and Doubet have also moved to dismiss portions of the Plaintiff's complaint. They note that the Plaintiff filed her complaint on June 30, 2006. The complaint alleges that the Plaintiff was laid off effective June 30, 2004, but she was notified of her termination earlier in a letter dated May 24, 2004. The Defendants assert that the Plaintiffs' state law claims in Counts I-V[3] and her claim pursuant to 42 U.S.C. § 1983 in Count VIII accrued at the time she discovered that she was to be laid off, not at the time the layoff became effective. The Defendants note that the Plaintiffs' complaint was filed exactly two years after the effective date of the layoff, but more than two years after the Plaintiff was informed she would be laid off. Thus, they claim that Counts I-V and VIII are barred by the applicable two-year statute of limitations.

The parties agree that a two-year statute of limitations applies in this

---

[3]The Defendants label these as due process claims.

11

case.  See 735 ILCS 5/13-202.  They simply disagree on when this period commenced.  The Defendants allege that the Plaintiff knew or had reason to know "on or about May 24, 2004" that she would be terminated.  Accordingly, they contend that any claims accrued at that time, and not on June 30, 2004-- the effective date of her termination.  The Defendants assert, therefore, that her complaint filed on June 30, 2006 was not timely.

Although the Defendants claim that the notice of termination was unequivocal, stating that her position was "targeted for abolishment," the Plaintiff notes that her complaint states that some employees who received notices were called back to employment, and some who were laid off were not on the notice list at all.  The Plaintiff states that when the allegations of the complaint are taken as true, it is apparent that the initial notice to her was far from the "final, ultimate, non-tentative decision" to terminate her employment.  See Smith v. Potter, 445 F.3d 1000, 1007 (7th Cir. 2006). The Plaintiff states that some employees who had been given notice were not terminated; some employees who were terminated were recalled; some employees who were not on the notice list were terminated.  Given

this uncertainty, the Plaintiff alleges that her claims should not be precluded by the statute of limitations.

The Court concludes that if the Plaintiff's allegations are taken as true, as they must be at this stage of the litigation, then her claims did not accrue until the effective date of her termination. Accordingly, the Court declines to dismiss the Plaintiff's claims on this basis.

### B. Property interest

The Defendants next allege that Counts I-V and VIII of the Plaintiff's complaint fail to state a claim because Plaintiff cannot prove any set of facts that would give her a property interest in her job pursuant to the Fourteenth Amendment. The Plaintiff asserts that the Defendants misunderstand the basis of her state law claims in Counts I-V; she notes that Count VIII asserts a claim based on an alleged violation of her First Amendment rights.

The Court notes that even if the Plaintiff's claims in Counts I-V were based on the Fourteenth Amendment, this would not be the appropriate time to conclude that "Plaintiff has shown no entitlement to her job," and that Counts I-V and VIII of the complaint must therefore be dismissed.

Accordingly, the Court declines to dismiss the complaint on that basis.

C. Immunity from suit

(1)

The Defendants next contend that Counts I and II should be dismissed because they are barred by the doctrine of sovereign immunity. The Court previously discussed this basis of dismissal in connection with the other motion to dismiss. The Defendants assert that the Plaintiff is unable to claim that they acted beyond the scope of their authority, the complained-of actions involved matters outside the individual Defendants' normal and official functions, or the duty alleged to have been breached was owed to the public generally. It would be inappropriate to dismiss claims on the basis of sovereign immunity unless the Plaintiff affirmatively made allegations such as those noted above which would entitle the Defendants to sovereign immunity. The Plaintiff has not done that. Moreover, the Plaintiff claims that the action is against the Defendants in their individual capacities, so it would not subject the State to liability. The Court declines to dismiss the complaint on the basis of sovereign immunity.

(2)

The Defendants claim that Counts I-V and VIII should be dismissed because they are barred by the doctrine of absolute immunity. This defense is designed "to protect public officials from undue harassment by civil litigation for acts committed by law to their control or supervision, and within the scope of their duties and authority." Morton v. Hartigan, 145 Ill. App.3d 417, 422, 495 N.E.2d 1159, 1162 (1st. Dist. 1986) (citation omitted). They contend that the defense is appropriate in this case, given that the Plaintiff's allegations make clear that the Defendants are high-level officials.[4] The Defendants assert that the Plaintiff is unable to allege that they acted outside the scope of their duties or authority as officials for IDOT because the material reorganization could not have been performed but for their authority as officials for IDOT. The Court declines to make such a determination at this stage of the litigation.

(3)

---

[4] Timothy Martin is the Secretary of IDOT; Michael R. Stout was the Deputy Director of the Bureau of Finance and Administration of IDOT; and Scott Doubet is the Bureau Chief of Personnel Management of IDOT.

The Defendants next assert that Counts I-V and VIII should be dismissed because they are barred by the doctrine of public official immunity. They note it is established that "pursuant to the doctrine of public official immunity, state officials and employees are fully protected from liability for acts falling within their official discretion." <u>Midamerica Trust Co. v. Moffatt</u>, 158 Ill. App.3d 372, 375, 511 N.E.2d 964, 966 (5th Dist. 1987). This doctrine is "based upon the policy that public officials should be free to exercise their judgment according to their best perception of public needs." <u>Id.</u> (citations omitted). The key inquiry in concluding whether public official immunity applies involves determining whether an employee's conduct was "discretionary" or merely "ministerial." <u>Id.</u> at 376, 511 N.E.2d at 967. The Defendants contend that their implementation of IDOT's reorganization was a discretionary function entitling them to immunity. The interests of the State and its citizens had to be weighed so that the reorganization satisfied the public need.

The Plaintiff does not dispute that IDOT officials have discretionary authority to make material organizations. She claims that the Defendants

violated protected rights and abused their authority. At this stage, the Court must take the Plaintiff's allegations as true. Accordingly, the motion to dismiss will be DENIED.

Ergo, the motion filed by Defendant Rod Blagojevich to dismiss Counts VI and VII [d/e 13] is DENIED. The motion filed by Defendants Jacob Miller, Timothy Martin, Michael R. Stout and Scott Doubet to dismiss the complaint [d/e 14] is DENIED. The parties are DIRECTED to contact United States Magistrate Judge Charles H. Evans for the purpose of scheduling a discovery conference.

Enter: December 18, 2006

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge